IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL ALVIN ASHLEY, JR., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:14-CV-2654-D |
| VS. § | |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant United States of America ("the government") moves for summary judgment, or, alternatively, under Fed. R. Civ. P. 12(b)(1) to dismiss plaintiff Samuel Alvin Ashley, Jr.'s ("Ashley's") action for lack of subject matter jurisdiction. Concluding that Ashley is asserting a negligence claim as to which the court lacks subject matter jurisdiction, the court grants the government's alternative motion to dismiss and dismisses this action without prejudice.

I

Ashley was incarcerated at the Federal Correctional Institution at Seagoville, Texas ("FCI-Seagoville") from 2007 to 2013. While incarcerated, Ashley suffered from hypertension, hyperlipidemia, and obesity. Beginning on July 24, 2011, he complained to FCI-Seagoville's Health Services Clinic of dizziness. Over the next few weeks, the clinic made several attempts at treatment. The clinician noted on July 24 that Ashley had stopped taking his prescribed hypertension medication about one month before his complaints began,

so the clinician reminded him of the importance of taking his medication. Ashley's dizziness did not subside, and he also began experiencing spinning sensations, lightheadedness, and frequent urination. On July 28 the clinician prescribed Meclizine to address his dizziness. Ashley also testified that the clinicians withheld Elavil, an antidepressant, from him because they believed the drug may have contributed to his health issues. The FCI-Seagoville staff did not withhold any other prescribed medications.

Ashley's complaints coincided with a heat wave in the Dallas metropolitan area. FCI-Seagoville houses inmates in cells both with and without air conditioning. After an inmate's initial assignment, FCI-Seagoville staff may transfer prisoners from one unit to another at their discretion, including to an air conditioned unit for medical reasons. Throughout the heat wave, and at the times Ashley made complaints, he was housed in a unit that did not have air conditioning. Although the cells were not air conditioned, the inmates in the unit had access to an air-conditioned TV room that was open from at least 6:00 a.m. until midnight every day of the week, excluding federal holidays. Inmates also had access to ice machines and water fountains throughout the night.

On the morning of Friday August 5, Ashley again complained to the clinic of dizziness. The clinic doubled his dosage of Meclizine. Ashley testified that he passed out in a bathroom at some point during the day, and FCI-Seagoville staff returned him to his cell. He also testified that a medical staff member took his vital signs in his cell and told him to go to the clinic on Monday.

Later that night, Ashley had a heat stroke. Prison officials transported him to a

hospital.  According to his medical records, his body temperature reached at least 103° Fahrenheit.  Ashley alleges that, because of his heatstroke, he suffers from immense pain, physical disabilities, and mental disabilities.

Ashley filed this suit alleging a claim under the Federal Tort Claims Act ("FTCA"). The government now moves for summary judgment, or, alternatively, to dismiss for lack of subject matter jurisdiction.

II

In a suit under the FTCA, a federal court is *Erie*-bound[1] to apply the applicable tort law of the state in which it sits.  *See* 28 U.S.C. § 2674.  The parties offer two different classifications of Ashley's claim: a medical malpractice claim or a negligence claim.  The proper classification of his claim is significant.  If Ashley is bringing a medical malpractice claim, the government's motion must be analyzed under Texas medical malpractice standards.  *See Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008).  If Ashley is alleging a negligence claim, however, Texas law imposes fewer requirements.  *See Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013).  Accordingly, the court must first determine the nature of Ashley's claim.

Under the heading "FEDERAL TORT CLAIMS ACT," Ashley makes the following pertinent allegations in his complaint:

---

[1] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

> 19. The unknown FCI Seagoville staff had a duty to exercise ordinary care by (1) providing Plaintiff with his prescribed medications while he was housed in extremely hot conditions, (2) providing a place for Plaintiff to be where he would not risk suffering a heatstroke, and (3) moving Plaintiff to a cooler area or medical facility upon notice that Plaintiff was in distress due to the extreme heat. Unknown FCI Seagoville staff breached this duty by failing to perform all above mentioned duties. These breaches of duty were the cause and proximate cause of Plaintiff's personal injuries. As a result of the unknown FCI Seagoville staff's acts and omissions, the Plaintiff has suffered substantial damages.
>
> 20. Under the laws of the State of Texas, a private person would be liable to Plaintiff for these acts and omissions. Thus, under 28 U.S.C. § 2674, the United States is liable to Plaintiff for his damages resulting from the personal injuries suffered by Plaintiff as a result of this avoidable incident.

Compl. 3.

In a Texas medical malpractice suit, the plaintiff bears the burden of proving "(1) the physician's duty to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) causation." *Hannah*, 523 F.3d at 601 (citations omitted). Ashley has not alleged any wrongdoing by a physician or other medical specialist, nor has he alleged any specialized standard of care. Each action that forms the bases of his claim could be performed by non-medical personnel. In fact, the first characterization of this claim as a medical malpractice claim appears in the government's motion for summary judgment. Although in his response to the government's motion Ashley refers to his claim as a medical malpractice claim, given the absence of critical elements of such a claim, the court concludes that his complaint cannot reasonably be read to assert a medical malpractice claim. Nor can

an unpleaded medical malpractice claim be raised for the first time in the summary judgment briefing.[2]

Ashley also contends that he is bringing a negligence claim against unknown non-medical staff at FCI-Seagoville. In Texas, "[t]he elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Rodriguez-Escobar*, 392 S.W.3d at 113 (citations and internal quotation marks omitted). Ashley's complaint addresses each of these elements. The court therefore concludes that Ashley is asserting a negligence claim under the FTCA.

III

The government moves to dismiss Ashley's negligence claim for lack of subject matter jurisdiction. It maintains that the discretionary function exception to the FTCA shields the government from liability.

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of

---

[2]"As a general rule, new claims cannot be raised in motions for summary judgment." *Sun River Energy, Inc. v. McMilan*, 2014 WL 4771852, at *10 (N.D. Tex. Sept. 25, 2014) (Fitzwater, C.J.) (quoting *Buchanan v. McCool,* 2006 WL 3044446, at *12 (E.D. Tex. Oct. 25, 2006)) (internal quotation marks omitted); *see also Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." (internal quotation marks omitted)).

proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

A Rule 12(b)(1) motion can mount either a facial or factual challenge. *See, e.g., Hunter v. Branch Banking & Tr. Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981). Because the government has submitted evidence to support its 12(b)(1) motion, the challenge is factual rather than facial. *See Paterson*, 644 F.2d at 523 ("If a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials."). In a factual challenge, the "court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. May 1981) (citations and internal quotation marks omitted). Further, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*.

As the party seeking to invoke jurisdiction, Ashley has the burden of establishing jurisdiction. He is therefore "required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson*, 644 F.2d at 523; *see also New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

IV

A

As a sovereign, the United States is immune from suit absent its consent. The FTCA is a limited waiver of sovereign immunity for tort claims against the government where a private person would be held liable, with a few exceptions. *See* 28 U.S.C. § 2674. One such exception is the "discretionary function" exception that exempts the government from liability when a claim is "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

"To state a claim under the FTCA, a plaintiff has the burden of stating a claim for a state-law tort and establishing that the discretionary function exception does not apply." *Spotts v. United States*, 613 F.3d 559, 569 (5th Cir. 2010) (citing *St. Tammany Par. ex rel Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)). To determine whether the discretionary function exception applies, the court applies a two-prong test. First, the conduct must involve an actual choice. *United States v. Gaubert*, 499 U.S. 315, 322 (1991). Second, the decision must be "susceptible to policy analysis." *Id.* at 325. In other words, if a task is mandatory, or if the task has no relationship to matters of public policy, the discretionary function exception is inapplicable. The exception "applies only to conduct that involves the permissible exercise of policy judgment." *Berkovitz v. United States*, 486 U.S. 531, 539 (1988). When a specific directive is given to a government employee, the agent has "no rightful option but to adhere to the directive." *Id.* at 536. For such a directive to make

a given action mandatory, it must be specifically defined and "prescrib[e] a course of action for an employee to follow." *Id.*

B

Ashley bears the burden of persuasion that the discretionary function exception does not apply to the actions of the FCI-Seagoville officials. *See supra* § III. In his response to the government's motion, Ashley presents one argument against application of the discretionary function exception: he maintains that the FCI-Seagoville employees' acts and omissions violated the Eighth Amendment, and do not fall under the discretionary function exception because any action that violates the Constitution inherently is outside the scope of an official's discretionary authority. Ashley essentially cites the Eighth Amendment as a specific directive that deprives prison officials of discretion to impose cruel and unusual punishment.

The Fifth Circuit has not yet addressed whether a constitutional violation renders the discretionary function exception inapplicable to a state-law tort claim. *See Spotts*, 613 F.3d at 569-70; *Lopez v. United States*, 455 Fed. Appx. 427, 434 (5th Cir. 2011). This court need not decide that question in this case, however, because, assuming *arguendo* that a constitutional violation could render the discretionary function exception inapplicable, Ashley has failed to plead or submit any evidence to establish a valid Eighth Amendment claim. *See Lopez*, 455 Fed. Appx. at 434.

The Eighth Amendment prohibits the government from inflicting "cruel and unusual punishment." U.S. Const. amend. VIII. This prohibition extends to deprivations suffered

during imprisonment. *See Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir.), *petition for cert. filed,* __ U.S.L.W. __ (U.S. Sept. 13, 2016) (No. 16-05915). For a deprivation to violate the Eighth Amendment, "the inmate must show that the alleged deprivation posed a substantial risk of serious harm and the defendant acted or failed to act with deliberate indifference" to the prisoner's serious medical needs. *Id.* (internal quotation marks omitted) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Ashley has neither pleaded nor presented evidence of deliberate indifference of FCI-Seagoville personnel. His sole evidence of the staff members' intent is an excerpt from his deposition in which he asserts only what a nurse "should have recognized," which is redolent of a negligence claim, not a claim of deliberate indifference under the Eighth Amendment. P. App. 14. The deliberate indifference standard is much higher than the negligence standard on which Ashley apparently relies.

V

Ashley's Eighth Amendment argument against the discretionary function exception is unpersuasive, and he offers no further justifications for avoiding the exception in this case. Because Ashley bears the burden of refuting the government's reliance on the discretionary function exception to the FTCA, and Ashley has failed to meet this burden, the government cannot be held liable under the FTCA . The government's motion to dismiss is granted, and

this action is dismissed without prejudice for lack of subject matter jurisdiction.

     **SO ORDERED**.

October 4, 2016.

                              _____
                              SIDNEY A. FITZWATER
                              UNITED STATES DISTRICT JUDGE